IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL TYAU; WORAWAN SRISUKSAI; AND PUNNADA GRACE THONGKERD,<br><br>                Plaintiffs,<br><br>   vs.<br><br>UR JADDOU, DIRECTOR OF THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, WASHINGTON, D.C.; AND DIRECTOR OF USCIS HONOLULU FIELD OFFICE, HONOLULU, HI 96813,<br><br>                Defendants. | CIV. NO. 23-00332 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO SERVE AND DILIGENTLY PROSECUTE |

**FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR
FAILURE TO SERVE AND DILIGENTLY PROSECUTE**

On February 7, 2024, this Court issued an *Order to Show Cause* ("OSC") why this action should not be dismissed for lack of service. ECF No. 10. Plaintiffs were ordered to file a written response by no later than February 23, 2024. *Id*. Plaintiffs were advised that "[f]ailure to timely file a written response or one that fails to establish good cause for lack of service may result in dismissal of this case." *Id*. To date, Plaintiffs have not responded to the *OSC*.

The Court elects to decide the *OSC* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules").

The Court **FINDS** that Plaintiffs have failed to timely serve the Defendants, good cause does not exist for this failure and Plaintiffs have failed to diligently prosecute this case. The Court thus **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiffs commenced this case on August 14, 2023 by filing a *Complaint for Writ of Mandamus and Commplaint [sic] Under Administrative Procedure Act* ("Complaint"). ECF No. 1. Plaintiffs paid the filing fee for this case. ECF No. 3. On October 10, 2023, this Court issued an *Entering Order* ("EO") continuing the Rule 16 Scheduling Conference set for October 16, 2023 to December 14, 2023, and noting that none of the Defendants have been served. ECF No. 8. The Court also reminded Plaintiffs of their obligations to serve under Rule 4 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *Id*.

On December 6, 2023, the Court again continued the Rule 16 Scheduling Conference and for the second time, noted the lack of service. ECF No. 9. The Rule 16 Scheduling Conference set for December 14, 2023 was continued to February 13, 2024. *Id*. Plaintiffs had not served any of the Defendants with a copy

of the *Summons* and *Complaint*, and more than 90 days have elapsed since November 13, 2023, which was the deadline to serve the Defendants under Fed. R. Civ. P. 4(m). *Id*. On February 7, 2024, this Court reminded Plaintiffs, for the third time, of the lack of service and issued its *OSC* setting the deadline of February 23, 2024 for Plaintiffs to respond. ECF No. 10. The Rule 16 Scheduling Conference was continued from February 13, 2024 to April 2, 2024. *Id*. Despite the Court's warnings and reminders of the rules, the Defendant failed to respond to any of the Court's *Entering Orders* and the *OSC*.

## DISCUSSION

### I. Plaintiffs Failed to Timely Serve the Defendants and Good Cause Does Not Exist to Extend the Deadline to Serve

The docket does not show that the Plaintiffs served any of the Defendants a copy of the *Summons* and *Complaint* in this case. Based on the date Plaintiffs filed their *Complaint*, the deadline for service is November 13, 2023. Fed. R. Civ. P. 4(m) states as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

However, the rule also states that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Courts consider "whether good cause for the delay has been shown on a case by case

3

basis." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)) (citation omitted). The Ninth Circuit has held that "[a]t a minimum, 'good cause' means excusable neglect." *Id*. (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). In this case, the deadline to serve the Defendants has passed despite this Court's reminders to Plaintiffs. The Court must therefore turn to whether good cause exists to extend the deadline. The Court considers three factors in order to determine whether good cause or excusable neglect exists such that the deadline to serve should be extended: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. (quoting *Boudette*, 923 F.2d at 756) (citation omitted).

The record in this case is void of any indication that the Defendants received any type of notice of this lawsuit. In addition, the Court cannot find that the Defendants would not suffer prejudice. Plaintiffs have failed to comply with the rules regarding service and chose not to respond to the *OSC* as directed. Such noncompliance results in unreasonable delays that are prejudicial to the Defendants.

The Court also cannot find that Plaintiffs would be severely prejudiced if the *Complaint* was dismissed. On February 7, 2024, when serving Plaintiffs with this Court's February 7, 2024 *Entering Order*, the Clerk's Office received a response

4

from the email address shared by Plaintiffs Michael Tyau and Worawan Srisuksai as follows:

> Hi Hid, please dismiss case.
> We notified your office last year around October 2023 to dismiss case.[1]
> Please send a letter confirming dismissal.
> R
> Mike

Although the email is signed by "Mike," the email is not clear as to whether the email is from plaintiff Michael Tyau, Worawan Srisuksai and/or Punnada Grace Thongkerd.  Nevertheless, the email was received from the email address of record for plaintiffs Michael Tyau and Worawan Srisuksai, and this email address was provided by these plaintiffs.  Moreover, the Plaintiffs have not responded to this Court's *OSC*, which would have been Plaintiffs' opportunity to request an extension (albeit untimely) or oppose the dismissal of this case.  Based on these circumstances, the Court cannot find that good cause exists to extend the time for service or that Plaintiffs' untimeliness was the result of excusable neglect.  As a result, the district court has the discretion to dismiss this case without prejudice or to extend the time period.  *See In re Sheehan*, 253 F.3d at 512 ("if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the

---

[1] The Court notes that the record is devoid of any indication that Plaintiffs attempted to dismiss this case in October 2023 nor has the Court received any such request.

time period"). As explained below, the Court **RECOMMENDS** that this case be dismissed without prejudice.

## II.     This Case Should be Dismissed for Failure to Prosecute

It is well-established that the Court may dismiss an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *States S. S. Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970). The overarching theme of Rule 41(b) is to encourage a plaintiff to prosecute his or her case with reasonable diligence. *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). In addition, Local Rule 16.1 directs all litigants to "proceed with diligence to take all steps necessary to bring an action to readiness for trial." When a litigant fails to prosecute the case with such diligence, the court may impose sanctions, including dismissal of the case. *Id*.

To determine whether to dismiss a case for lack of prosecution, the court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Notwithstanding the Court's advisories to Plaintiffs on October 10, 2023, December 6, 2023 and February 7,

6

2024 that failure to effect timely service on the Defendants may result in a dismissal, Plaintiffs have failed to act.  ECF Nos. 8-10.  Instead, on February 7, 2024, Plaintiffs appear to have requested this case be dismissed.  Based on the records and facts in this case, the Court finds that dismissal of the claims against Defendants is appropriate given Plaintiffs' failure to prosecute and the email request to dismiss this action.

Under the first factor, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since August 14, 2023 with no effort on behalf of the Plaintiffs to prosecute this case.  *See* ECF No. 1.  Under the second factor, the Court's need to manage its docket weighs strongly in favor of dismissal.  To date, the lack of service has interfered with the Court's ability to manage its docket as the Court continued the Rule 16 Scheduling Conference three times.  *See* ECF Nos. 8-10.  Under the third factor, the risk of prejudice to Defendants weighs in favor of dismissal as Defendants, through no fault of their own, will continue to face Plaintiffs' allegations of wrongdoing without any opportunity to address the merits.  Certainly, the corresponding delays caused by Plaintiffs' failure to prosecute likely has impaired Defendants' ability to defend and resolve this dispute.

Under the fourth factor, less drastic sanctions are not appropriate.  The Court reminded Plaintiffs on multiple occasions of their obligation to effect timely

service. *Id*. Furthermore, in response to this Court's *OSC*, Plaintiffs requested the Court dismiss this matter. The Court finds that it would be futile to recommend a lesser sanction because Plaintiffs seemed to have indicated that they do not intend to prosecute this action. Finally, public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). Thus, this factor weighs against dismissal. However, this Court finds that because four of the factors weigh in favor of dismissal, this final factor is outweighed. Accordingly, the Court **RECOMMENDS** that dismissal is appropriate in this case. Notwithstanding this Court's finding that Plaintiffs have failed to prosecute this case and has requested dismissal, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice.

## **CONCLUSION**

For the foregoing reasons, the Court **FINDS** and **RECOMMENDS** that the district court dismiss this case without prejudice for Plaintiffs' failure to timely serve the Defendants, failure to follow the applicable court rules and legal authority, and failure to prosecute this action.

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 27, 2024.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 23-00332 DKW-RT; *Michael Tyau, et al. vs. Ur Jaddou, et al.*; Findings and Recommendation to Dismiss Case for Failure to Serve and Diligently Prosecute